UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LANCE P MCDERMOTT,

    Plaintiff,

  v.

JOHN P POTTER, *Postmaster General, United States Postal Service*,

    Defendant.

CASE NO. C08-1846-JCC

ORDER

This matter comes before the Court on Plaintiff's Motion for Summary Judgment (Dkt. No. 9), Defendant's Response (Dkt. No. 12), and Plaintiff's Reply (Dkt. No. 15); Plaintiff's Motion for Default Judgment (Dkt. No. 10), Defendant's Motion to Dismiss and Opposition to Motion for Default Judgment (Dkt. No. 11), Plaintiff's Response and Reply (Dkt. No. 14), and Defendant's Reply (Dkt. No. 16); Plaintiff's Motion for Sanctions (Dkt. No. 13), Defendant's Response (Dkt. No. 18), and Plaintiff's Reply (Dkt. No. 19). The Court has carefully considered all these documents, their supporting declarations and exhibits, and the balance of relevant materials in the case file, and has determined that oral argument is not necessary. For the reasons explained below, the Court finds and rules as follows.

ORDER – 1

## I. BACKGROUND

On December 29, 2009, Plaintiff Lance McDermott filed a complaint against John Potter, the Postmaster General of the United States Postal Service ("USPS"), alleging employment discrimination. (*See* Dkt. No. 1.) On January 9, 2009, Plaintiff filed a certificate of service (the "certificate") which certified that the individuals listed therein were served with either a "Complaint" or a "Complaint and Summons." (*See* Dkt. No. 4.) The certificate indicates that five individuals were served with both a summons and a complaint. (*See id.*) The certificate also indicates, however, that John Potter (the United States Postmaster General), Jeffrey Sullivan (the United States Attorney for the Western District of Washington), and Michael Mukasey (the United States Attorney General), were all *not* served with a summons. (*See id.*) The United States Attorney's Office confirms that although it was served with a complaint on January 8, 2009, service of the complaint was not accompanied by service of a summons for the defendant, John Potter. (*See* Chan Decl. ¶¶ 2–3 (Dkt. No. 11).) As a result, Defendant requests that this action be dismissed for lack of personal jurisdiction.

## II. ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(5), a defendant can move to dismiss an action for insufficient service of process. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *In re Focus Media, Inc.*, 387 F.3d 1077, 1081 (9th Cir. 2004) (*quoting Omni Capital Int'l, Ltd. V. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). In addition, if service is not properly made within 120 days after the filing of the complaint, the action must be dismissed as to any defendant not served unless the plaintiff shows good cause why service was not made within that period. FED. R. CIV. P. 4(m).

In an action against the United States, its agency or an officer thereof in an official capacity, a plaintiff must "serve the United States and also send a copy of the summons and the complaint by registered or certified mail to the agency, corporation, officer, or employee." FED. R. CIV. P. 4(i)(2). To serve the United States, a plaintiff must (1) deliver a copy of the summons and complaint to the United

ORDER – 2

States Attorney for the district where the action is brought, and (2) send a copy of the summons and complaint to the United States Attorney General. FED. R. CIV. P. 4(i)(1)(A) & (B). The summons must be directed to the defendant in the action. FED. R. CIV. P. 4(a)(1)(B).

Plaintiff's lawsuit is brought against John Potter, the Postmaster General of the USPS. (*See* Complaint (Dkt. No. 1).) Therefore, the Federal Rules require that Plaintiff issue a summons directed at Potter, *see* FED. R. CIV. P. 4(a)(1)(B), and send a copy of that summons and the complaint to Potter, *see* FED. R. CIV. P. 4(i)(2). In addition, because Plaintiff's suit is against a United States officer, the Federal Rules also require that he serve the United States. *See* FED. R. CIV. P. 4(i)(2). This requires Plaintiff to (1) deliver a copy of the summons (directed at Potter) and the complaint to Jeffrey Sullivan (the United States Attorney for the Western District of Washington), and (2) send a copy of copy of the summons and complaint to the United States Attorney General. *See* FED. R. CIV. P. 4(i)(1)(A) & (B).

Plaintiff has failed to follow these rules to effect proper service. He did not issue a summons directed at John Potter as required. (*See* Dkt. No. 4.) He did not send Potter a copy of a proper summons with the complaint. Nor did Plaintiff serve Jeffrey Sullivan or the United States Attorney General with a copy of the proper summons. (*See* Chan Decl. ¶¶ 2–3 (Dkt. No. 11).) Instead, Plaintiff apparently issued summonses for Don Jacobus, Bob DeBoard, Jeff Carter, Dave Hoff and Susan Houser; all individual employees who he believes played a role in discriminating him. (Pl. Resp. 4–5 (Dkt. No. 14).) Plaintiff indicates that he sent these summonses to the individual employees, and then sent copies of the individual summonses and the complaint to the United States Attorney, the Attorney General, and the USPS. (*See id.*) This service, however, was ineffective to obtain personal jurisdiction because the service was not accompanied by a summons directed at Defendant John Potter. *see* 1 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 4.50[2] (3d ed. 2008) ("Service of a complaint without a summons constitutes ineffective service of process."). As a consequence, Plaintiff has failed to properly serve either John Potter or the United States, and therefore, the Court may not exercise personal jurisdiction over Defendant. *See In re Focus Media, Inc.*, 387 F.3d at 1081.

ORDER – 3

Moreover, because the Complaint was filed on December 29, 2008, (*see* Dkt. No. 1), Plaintiff had until April 29, 2009, to properly serve John Potter, *see* FED. R. CIV. P. 4(m). Plaintiff has failed to effect proper service within the required time, and has not shown good cause for such failure. Plaintiff's failure to timely serve is fatal to his attempt to establish personal jurisdiction over Defendant. *See Reynolds v. United States*, 782 F.2d 837, 838 (9th Cir. 1986).

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Dkt. No. 11) is GRANTED and Plaintiff's Complaint is hereby DISMISSED without prejudice. Accordingly, Plaintiff's motions for Summary Judgment (Dkt. No. 9), Default Judgment (Dkt. No. 10), and Sanctions (Dkt. No. 13) are hereby DENIED.

SO ORDERED this 29th day of May, 2009.

/s/ John C. Coughenour
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER – 4