1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
8                                  AT SEATTLE

9    LANCE P MCDERMOTT,

10                 Plaintiff,

11           v.                                          CASE NO. C08-1846-JCC

12   JOHN P POTTER, *Postmaster General, United*          ORDER
     *States Postal Service*,
13

14                 Defendant.

15

16
           This matter comes before the Court on Plaintiff's Motion for Reconsideration (Dkt. No. 21).
17
     Plaintiff asks the Court to reconsider its dismissal of this action for failure to effect proper service
18
     because he "made a Pleading of Special Matter," which he claims the Court failed to consider. (Mot. 1
19
     (Dkt. No. 21).) The Local Rules provide that:
20
           Motions for reconsideration are disfavored. The court will ordinarily deny such motions in
21         the absence of a showing of manifest error in the prior ruling or a showing of new facts or
           legal authority which could not have been brought to its attention earlier with reasonable
22         diligence.

23
     Local Rule W.D. Wash. CR 7(h). Plaintiff has shown neither manifest error nor new facts or legal
24
     authority that could not have been brought to the Court's attention earlier.
25

26   ORDER – 1

1    Contrary to Plaintiff's assertion, the Court was well-aware of his "Pleading of Special Matter," in

2  which he asked the Court to give him legal advice as to whether he had complied with the Federal Rules

3  of Civil Procedure in attempting to serve the defendants in this action. That pleading, however, was not

4  considered as a motion because it did not seek a proper form of relief. The Court does not offer legal

5  advice to litigants on how to comply with the law, it renders decisions.

6    Moreover, Plaintiff's "Pleading of Special Matter" did not establish "good cause" for his failure to

7  effect proper service. Ignorance of the law and inadvertence do not constitute "good cause" for a failure

8  to timely serve. *See* 1 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 4.82[4] (3d ed. 2008)

9  ("[A] pro se plaintiff's ignorance of the Federal Rules of Civil Procedure is inadequate to support a

10  finding of good cause.") Absent good cause, the Court has the discretion to dismiss without prejudice or

11  to extend the time period. *See In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001); FED. R. CIV. P. 4(m). In

12  light of Plaintiff's filing of at least one frivolous motion,[1] the Court declines to extend the time period for

13  service and finds that dismissal without prejudice is warranted. Because this matter has been dismissed

14  without prejudice, Plaintiff may re-file the action and follow the proper rules for service and establishing

15  personal jurisdiction.

16    Accordingly, having carefully considered the motion papers and being fully advised, the Court

17  hereby DENIES Plaintiff's motion for reconsideration (Dkt. No. 21).

18    SO ORDERED this 18th day of June, 2009.

19

20

21    John C. Coughenour
    UNITED STATES DISTRICT JUDGE

22

23

24    [1] Plaintiff filed a motion for sanctions against Defendant's counsel "for using the frivolous defense of 'insufficient service of process' that is not warranted by existing law." (Mot. for Sanctions 2 (Dkt. No. 13).) Plaintiff's motion for sanctions has no basis whatsoever in law or fact. Plaintiff also filed a number

25  of other unfounded motions. (*See* Dkt. Nos. 9 & 11.)

26  ORDER – 2