THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   LANCE P. McDERMOTT,                          CASE NO. C08-1846-JCC

10                          Plaintiff,           ORDER

11          v.

12
     PATRICK R. DONAHOE, *Postmaster*
13   *General, United States Postal Service*,[*]

14                          Defendant.

15

16          This matter comes before the Court on Defendant's motion for relief from order of

17   dismissal (Dkt. No. 23). Having thoroughly considered the parties' briefing and the relevant

18   record, the Court finds oral argument unnecessary and hereby denies the motion for the reasons

19   explained herein.

20   **I.      BACKGROUND**

21          On December 29, 2008, Plaintiff Lance McDermott filed a Complaint against the

22   Postmaster General of the United States Postal Service (USPS) alleging employment

23   discrimination. (Dkt. No. 1.) Although Plaintiff mailed copies of his Complaint to various USPS

24   officials and the U.S. Attorney's Office, he failed to comply with the requirements of Federal

25   _____

26          [*] Patrick R. Donahoe is substituted for his predecessor, John P. Potter, as
            Postmaster General, under Federal Rule of Civil Procedure 25(d).

1    Rule of Civil Procedure 4(i)(2) for service of process on a government agency. (Dkt. No. 20 at

2    3.)

3         On March 23, 2009, the Government filed a motion to dismiss for lack of personal

4    jurisdiction, alleging insufficient service of process pursuant to Federal Rule of Civil Procedure

5    12(b)(5). (Dkt. No. 11.) The government's 12(b)(5) motion was filed nearly five weeks prior to

6    Plaintiff's 120-day deadline to effect proper service of process. Fed. R. Civ. P. 4(m). However,

7    Plaintiff failed to correct service and instead filed a response erroneously arguing that he had

8    complied with all applicable rules. (Dkt. No. 14 at 6.) Because Plaintiff failed to show good

9    cause for his failure to correct service, and because he had filed a frivolous sanctions motion, the

10   Court declined to extend time for service. (Dkt. No. 22 at 2.) On May 29, 2009, the Court

11   dismissed the case without prejudice. (Dkt. No. 20.)

12        Plaintiff re-filed his Complaint on July 16, 2009 and re-served the required parties, but

13   that case was subsequently dismissed as time-barred. Although Plaintiff argued that the new

14   proceeding was tied to this first action (which had been timely filed), U.S. District Judge Richard

15   Jones declined to apply equitable tolling based on the fact that it was Plaintiff's own lack of

16   diligence that had caused the first action to be dismissed. *See McDermott v. Potter*, Case No.

17   C09-1008-RAJ, Dkt. No. 29 at 4 (W.D. Wash. 2009). The dismissal of the second action was

18   affirmed on appeal. *See id.*, Dkt. No. 37.

19        Plaintiff now moves for relief from the order of dismissal under Rule 60(b). (Dkt. Nos.

20   23, 25.)

21   **II.    DISCUSSION**

22        Rule 60(b) gives the Court discretion to relieve a party from a final judgment or order if

23   that party moves for relief "within a reasonable time" and demonstrates any of six enumerated

24   grounds for such relief. Fed. R. Civ. P. 60(b)-(c). Only three of the grounds are relevant to the

25   instant motion—mistake or fraud, and the catchall "any other reason that justifies relief." Fed. R.

26   Civ. P. 60(b)(1),-(3),-(6).

Plaintiff has failed to make a timely request for relief on the basis of alleged mistake or fraud. Rule 60(c) specifies that the "reasonable time" during which a party may move for relief on the grounds of mistake or fraud is limited to one year after entry of the order or judgment. Fed. R. Civ. P. 60(c). The Court has no discretion to extend that time. *See* Fed. R. Civ. P. 6(b)(2). Plaintiff's motion, based on allegations of fraud, was filed May 25, 2012, almost three years after the case was dismissed on May 29, 2009, and is therefore untimely.

Plaintiff also has failed to justify relief under the "extraordinary circumstances" standard set forth in Rule 60(b)(6). Relief under that provision is not limited to one year, as it is for mistake or fraud. But the Ninth Circuit has made clear that regardless of the flexible standard for determining a "reasonable time" for filing such motions, relief under Rule 60(b)(6) is not warranted when the moving party has ignored normal legal remedies. *U.S. v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). Indeed, courts have admonished that the rule is to be used sparingly, and only when "extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Fantasyland Video, Inc. v. Cnty. of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007).

Plaintiff does not meet this standard. He cites no extraordinary circumstances that would have prevented him from taking timely action here. *See, e.g.*, *Cmty. Dental Services v. Tani*, 282 F.3d 1164, 1172 (9th Cir. 2002) (attorney's grossly negligent conduct resulting in default judgment against party constituted extraordinary circumstances warranting relief under Rule 60(b)(6)). Rather, he largely argues the merits of his case. Plaintiff could easily have prevented dismissal of the first action by effecting proper service of process, which the Court stated explicitly. (Dkt. No. 22 at 2.) The adverse rulings in his second action stemmed from the original failure to serve Defendant properly and the later failure to file an action within the statute of limitations. These are not "extraordinary circumstances," but rather the result of the Plaintiff's lack of diligence.

1    **III.    CONCLUSION**

2           For the foregoing reasons, Plaintiff's motion for relief from order of dismissal (Dkt. No.

3    23) is DENIED.

4           DATED this 19th day of September 2012.

5

6

7

8

9

10

11          John C. Coughenour
            UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
PAGE - 4